No. 85-267

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

AMERICAN FURNITURE, INC., a Mont.
corp., and BORCHERS, INC., a Mont.
corp.,

        Plaintiffs and Respondents,

    -vs

AMERICAN FURNITURE WAREHOUSE CO., a
Colorado Corp., d/b/a AMERICAN FURNITURE
WAREHOUSE, JAKE JABS & DOROTHY HEITZMAN,

        Defendants and Appellants.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Pedersen & Conrad; Carol Hardy Conrad, Billings,
        Montana

    For Respondent:

        Smith, Baillie & Walsh; James R. Walsh, Great Falls,
        Montana

---

Submitted on Briefs: Sept. 26, 1985

Decided: December 5, 1985

Filed:

_____
             Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The respondents, American Furniture, Inc., and Borchers, Inc., brought an action in District Court against the appellants, American Furniture Warehouse Co. and Jake Jabs to permanently enjoin the appellants' use of the name "American Furniture Warehouse" and any variation of the name "American Furniture" in Montana. The District Court issued a temporary restraining order and later a preliminary injunction enjoining the appellants' use of the name "American Furniture," or any variation thereof, in Montana, until the action was fully litigated. The respondents later moved that the injunction be applied to the appellants' use of the name "American Home Furnishings Center." The District Court found that the name "American Home Furnishings Center" was deceptively similar to "American Furniture" and any attempted use thereof violated the injunction. Plaintiffs' motion was granted. The defendants appeal.

We affirm.

The merits of the preliminary injunction are not before this Court. Whether the respondent has a protectable right to the name in question and whether the appellant violated that right are matters to be decided at a District Court hearing on a permanent injunction. The matter before this Court at this time concerns the District Court's order that the name "American Home Furnishings Center" is deceptively similar to the name "American Furniture" and therefore within the names precluded by the preliminary injunction.

Two issues are before this Court:

1.  Whether the order is an appealable order.

2.  Whether the District Court erred in issuing the order.

The respondents are a family corporate business having operated in Montana for about 60 years as "American Furniture." The appellants are a foreign corporate business establishing operations in Montana. The appellants' planned use of the name "American Furniture Warehouse" and any variation of the name "American Furniture" was enjoined by a preliminary injunction on March 18, 1985. At the time that this injunction issued the appellants were in the process of securing an assumed business name from the Montana Secretary of State. The name sought was "American Home Furnishings Center." This name was approved and the appellants received a certificate for that name from the Montana Secretary of State.

On March 28, 1985, the District Court granted the respondents' motion to apply the preliminary injunction to appellants' newly-acquired name on the basis that the use of the newly-acquired name violated the injunction. On April 26, 1985, the appellants' appealed from that order.

The first issue presented is whether the District Court's order of March 28, 1985, finding a violation of the preliminary injunction is an appealable order. A District Court's granting or dissolving an injunction or refusal to grant or dissolve an injunction may be appealed. Rule 1(b), M.R.App.Civ.P. We do not believe that the order is properly classified as an injunction in itself and it is therefore not properly appealable as such under Rule 1(b), M.R.App.Civ.P. We agree with the respondents' argument that the March 28, 1985, order was merely an interpretation of the preliminary

injunction therefore an interlocutory order, not appealable. We agree that the appellants were barred from appeal 30 days from the time the preliminary injunction issued under Rule 5, M.R.App.Civ.P. We hold that the order of March 28, 1985, was not an appealable order.

The second issue presented is whether the District Court erred in enjoining the appellants' use of the name "American Home Furnishings Center" as being deceptively similar to the name "American Furniture." Because of our decision on the first issue this issue need not be decided.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices